*E-Filed 6/23/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL CHARLES COOK, | No. C 09-5795 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| T. FELKER, Warden, and BILL LOCKYER, Attorney General, | |
| Respondents. | |

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254.

Respondents' motion to dismiss the petition as second or successive (Docket No. 11) is GRANTED. In 2004, petitioner filed a federal habeas petition in this Court in which he challenged his 2002 state conviction for assault with a deadly weapon. *See Cook v. Scribner*, No. 04-5121 JW. The 2004 petition was denied on the merits. The Ninth Circuit Court of Appeals denied petitioner's application for a certificate of appealability, and denied his application to file a second or successive habeas petition. In 2009, petitioner filed the instant habeas petition, again challenging his 2002 state conviction.

In order to file a second or successive petition, the petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. *See* 28 U.S.C.

§ 2244(b)(3)(A).  Here, the Court of Appeals has denied petitioner's application for such an order regarding his 2002 state conviction.  Accordingly, the instant petition must be dismissed as second or successive to the prior-filed 2004 petition.  Respondents' motion to dismiss the petition as second or successive (Docket No. 11) is GRANTED.  The petition is DISMISSED WITH PREJUDICE.

Petitioner's motion for the appointment of counsel (Docket No. 12) is DENIED.  There is no right to counsel in habeas corpus actions.  *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present.  *See* generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994).  Petitioner has not shown that there are exceptional circumstances warranting appointment of counsel.

A certificate of appealability will not issue.  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order terminates Docket Nos. 11 & 12.

The Clerk shall enter judgment in favor of respondents, terminate the pending motions, and close the file.

**IT IS SO ORDERED**.

DATED: June 22, 2010

RICHARD SEEBORG
United States District Judge